UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY SHEW
and FRANCES SHEW,

Plaintiffs,

v. CASE NO: 8:16-cv-766-T-33JSS

WILLIAM HORVATH,

Defendant.
_____________________________/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Ricky and Frances Shew's Motion for Partial Summary Judgment, filed on September 8, 2016. (Doc. # 26). Defendant William Horvath filed a Motion to Stay, or Alternatively Deny as Premature, Plaintiff's Motion for Partial Summary Judgment (Doc. # 28), on September 13, 2016, which the Shews opposed (Doc. # 29). Subsequently, Horvath filed a response in opposition to the Motion for Partial Summary Judgment on October 6, 2016, (Doc. # 33), to which the Shews replied on October 17, 2016 (Doc. # 39). As set forth below, the Court denies the Motion for Partial Summary Judgment as premature.

## I. Background

In June of 2015, Ricky and Frances Shew were living in Hernando County, Florida, when William Horvath began investigating them for mortgage fraud in his capacity as a law enforcement officer with the Hernando County Sheriff's Office. (Doc. # 1 at ¶¶ 2, 5-6). In the course of the investigation, Horvath executed a probable cause affidavit to obtain an arrest warrant for the Shews. (Id. at ¶ 7). Despite the purported defects with the probable cause affidavit, of which the Shews allege Horvath knew or should have known, Horvath did obtain a warrant and arrested the Shews. (Id. at ¶¶ 8-10). However, the State Attorney decided not to prosecute the case and filed a no information on December 8, 2015. (Id. at ¶ 11).

In the Complaint, filed on March 30, 2016, the Shews allege that Horvath violated their Fourth Amendment rights to be free of unreasonable searches and seizures by arresting them on the basis of a faulty probable cause affidavit. (Id. at ¶¶ 1, 12). As a result of their arrest, the Shews incurred damages in the form of attorney's fees, and "monies expended in posting a bond for their release from jail, as well as damage to their reputation, embarrassment, and emotional distress." (Id. at ¶ 13).

Horvath denies that he lacked probable cause to arrest the Shews and filed his Answer containing twelve defenses on May 10, 2016. (Doc. # 5). Subsequently, on June 15, 2016, the Court entered its Case Management and Scheduling Order setting February 1, 2017, as the discovery deadline, establishing March 1, 2017, as the dispositive motions deadline, scheduling the pretrial conference for August 17, 2017, and slating the case for the September of 2017 trial term. (Doc. # 19).

On September 8, 2016, the Shews filed their Motion for Partial Summary Judgment. (Doc. # 26). The Shews assert in their Motion that summary judgment as to liability is appropriate because the probable cause affidavit and Horvath's deposition "establish[] that [his] investigation at the time of the issuance of the warrant was at best incomplete and that he did not have probable cause to believe that [the Shews] had committed the crime of mortgage fraud." (Id. at ¶ 3). The Shews conclude that "[b]ecause the warrant was issued upon an affidavit which failed to establish probable cause, and that no reasonable officer would have believed probable cause existed, [the Shews'] Fourth Amendment rights were violated and [Horvath] is not entitled to qualified immunity." (Id. at ¶ 5).

Horvath moved the Court to stay the Motion, or alternatively deny it as premature, arguing that partial summary judgment is inappropriate as he has not yet significantly engaged in discovery. (Doc. # 28). Horvath emphasizes that at the time the Shews filed their Motion and Horvath responded, he had not yet deposed Ricky Shew and "requests that the Court defer ruling on the Motion until after" Horvath may engage in such discovery. (Id. at 3; Doc. # 33 at 7). As explained below, Horvath has persuaded the Court that the Shews' request for partial summary judgment is prematurely asserted.

## II. Analysis

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As stated in Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has determined that "summary judgment may

only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

Horvath points out that he has not had a meaningful opportunity to develop the facts through discovery. In the Motion to Stay, Horvath identifies discovery that he seeks to conduct, including taking the depositions of Ricky Shew and other witnesses, in order to develop his defenses. (Doc. # 28 at 3; Doc. # 33 at 2, 7). The deposition of Ricky Shew was scheduled for October 31, 2016, two weeks after the Shews filed their reply and briefing on the Motion for Partial Summary Judgment ended. (Doc. # 28 at 3; Doc. # 39). Furthermore, the February 1, 2017, discovery deadline set by

the Court's Case Management and Scheduling Order has yet to expire. See (Doc. # 19).

Upon due consideration, the Court determines that the Shews' Motion for Partial Summary Judgment should be denied as premature. The court reached a similar result in Blumel, 919 F. Supp. at 423. There, the plaintiff filed a motion for summary judgment "when discovery just began." Id. at 429. The court denied the motion for summary judgment as "blatantly premature" after finding that "there has been inadequate time for discovery." Id. The court explained, "If the Court were to rule on the merits of [the plaintiff's] motion, such ruling would frustrate the [defendants'] right to factually investigate." Id.; see also Fed. R. Civ. P. 56(d)(providing for discovery where a non-movant cannot present facts essential to justify its opposition to the summary judgment motion); Royal Oak Enters., LLC v. Nature's Grilling Prods., No. 1:10-cv-2494-JEC, 2011 U.S. Dist. LEXIS 133856, at *9 (N.D. Ga. Nov. 21, 2011)("Depending on the evidence that is developed during discovery, defendant may ultimately prevail on its motion for summary judgment. However, at this stage in the litigation, the motion is clearly premature.").

The Court determines that the Shews' Motion for Partial Summary Judgment was prematurely filed. Therefore, in order

to allow the parties the opportunity to engage meaningfully in discovery, the Court denies the Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant William Horvath's Motion to Stay, or Alternatively Deny as Premature, Plaintiffs' Motion for Partial Summary Judgment (Doc. # 28) is **GRANTED** to the extent that the Court denies the Shews' Motion for Partial Summary Judgment as prematurely asserted.

(2) Plaintiffs Ricky and Frances Shew's Motion for Partial Summary Judgment (Doc. # 26) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of November, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE